IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL THOMAS STEWART,<br>　　　　　　Plaintiff,<br><br>v.<br><br>WACKENHUT CORRECTIONS CORP., DON WILIFORD, DARRELL WASHINGTON, OFFICER JOHNSON, and DELAWARE COUNTY PRISON,<br>　　　　　　Defendants. | Civ. No. 01-731<br><br>**FILED**<br>MAR 2 6 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

Pollak, J.                                                            March 26, 2009

**MEMORANDUM/ORDER**

Before the court is the motion of defendants GEO Group, Inc. (improperly pled as Wackenhut Corrections Corporation) and Delaware County Prison to dismiss the complaint filed against them by plaintiff Carl Stewart.[1]

**1.　Background**

Plaintiff was incarcerated at the George W. Hill Correctional Facility, formerly known as the Delaware County Prison, for a period of time including August 6, 2000.[2]

---

[1] Defendants filed a reply brief without seeking leave to do so, as required by Local Civil Rule 7.1(c). However, because this submission was helpful to the determination of the issues, I have exercised my discretion to consider the brief.

[2] Though he was released at some point after August 6, 2000, plaintiff now appears to be back in the custody of the state. (Docket Entry No. 21, 22.)

On that day, he alleges that he was in a housing cell on Unit 4D when he was suddenly struck in the head, face, and chest area by several correctional officers, including officers Don Wiliford, Darrell Washington, and Johnson (whose first name is not identified). He alleges that the attack caused injuries to his face, nose, teeth, and ribs. He filed suit against the Wackenhut Corrections Corporation, officers Don Wiliford, Darrell Washington, and Johnson, and the Delaware County Prison. Plaintiff alleges that he did nothing to instigate the attack, which he alleges was in violation of his rights and resulted from deficient policies and customs in the operation of the correctional facility. He also alleges his injuries resulted from deliberate indifference and gross negligence on the part of the defendants. Plaintiff brings his claims under 42 U.S.C. § 1983, which permits an individual to initiate a civil lawsuit for violations of rights guaranteed by federal civil rights laws. Plaintiff contends that his Eighth and Fourteenth Amendment rights were violated. He seeks compensatory and punitive damages from all the defendants.

**2.   Discussion**

**A.   Laches**

Defendants argue that plaintiff's complaint must be dismissed with prejudice because it is barred by operation of the doctrine of laches. Laches is an equitable remedy, which prevents those who sleep too long on their rights from seeking relief. To evaluate this argument, the court must first set forth the somewhat tortuous procedural history of this case.

The alleged assault occurred in August 2000. On February 13, 2001, plaintiff first attempted to initiate a civil suit by filing a motion to proceed *in forma pauperis*. The motion was twice denied without prejudice, once for plaintiff's failure to provide a certified copy of his inmate account ledger. On January 18, 2002, plaintiff received leave to file without prepayment of the filing fee. The case was then referred to Magistrate Judge M. Faith Angell for pretrial management purposes. On October 31, 2002, Judge Angell issued an order advising that she would dismiss the case unless plaintiff filed written notice of his intent to continue the litigation. In letters sent in November 2002, plaintiff advised Judge Angell that he wanted to continue the litigation. On June 12, 2003, Judge Angell dismissed the case without prejudice, finding that "[w]hile Mr. Stewart's intent to proceed with this litigation is clear, his allegations and identification of parties is not." (Docket Entry No. 12.) The order also advised plaintiff of principles to keep in mind should he choose to file an amended complaint, including the requirement in a § 1983 civil rights action that a defendant have some personal involvement in the alleged constitutional violation. She ordered plaintiff, if he filed an amended complaint, to identify each and every individual alleged to have violated his federal constitutional rights, stating what each individual did (or failed to do), and what right was violated. She also directed plaintiff to provide adequate information concerning each defendant's address.

On September 17, 2003, plaintiff filed an amended complaint. (Docket Entry No.

13.) Plaintiff sent several letters to Judge Angell, including one on October 24, 2004 and another on June 6, 2005. On July 21, 2005, Judge Angell noted that plaintiff had filed an amended complaint and expressed his intent to pursue this case, but she also found that the amended complaint did not comply with her order of June 12, 2003, because plaintiff did not identify whom he wanted to name as defendants or provide their addresses to receive service of process. She ordered plaintiff, by August 31, 2005, to "mail to [her] chambers a list of all people he wishes to sue in connection with the alleged August 6, 2000 beating in Delaware County Prison, and addresses for each person on the list." (Docket Entry No. 16.) On September 11, 2005, plaintiff filed an amended complaint. Attempting to comply with Judge Angell's order, in this amended complaint plaintiff alleged that on August 6, 2000, while incarcerated at the George W. Hill Correctional Facility, he was assaulted by Correctional Officers Don Wiliford, Darrell Washington, and Johnson. He included the address of the Wackenhut Corrections Corporation, the company he alleged was responsible for the operation of the prison, in Palm Beach Gardens, FL. He also alleged various injuries as a result of the assault, but he did not reference any specific rights that were violated. (Docket Entry No. 17.)

On November 3, 2005, Judge Angell, after reviewing plaintiff's amended complaint, recommended that his lawsuit be limited "to the only defendant who has been identified with sufficient detail to permit service of the second amended complaint - namely Wackenhut Corrections Corporation." (Docket Entry No. 18.) This court

adopted Judge Angell's recommendation on June 8, 2006. (Docket Entry No. 20.) Plaintiff again applied to proceed *in forma pauperis*, a request which was granted by this court. (Docket Entry No. 24, 25.) Though the George W. Hill Correctional Facility was directed to deduct monies from plaintiff's inmate account as they became available in order to pay the filing fee, there apparently were some problems with setting up this system. On March 21, 2007, Judge Angell ordered that "[a]ny failure by the George W. Hill Correctional Facility to comply with [her] February 21, 2007 Order directing it to deduct monies from Petitioner's inmate account to be paid toward the filing fee in this case will not prejudice Petitioner's case. Petitioner will not be required to independently pay the filing fee in this case, and his case will proceed despite the Institution's failure to comply with [the] Order." (Docket Entry No. 33.) On June 7, 2007, Judge Angell reconsidered her previous rulings on plaintiff's request for appointment of counsel, and on November 5, 2007, counsel was appointed. Counsel sought and was granted additional time, and an amended complaint was finally filed on April 2, 2008. (Docket Entry No. 53.)

At this point, defendants Wackenhut Corrections Corporation and the Delaware County Prison, who had been served in April 2008 and for whom counsel entered an appearance in May 2008, filed the instant motion to dismiss the suit as barred by the

doctrine of laches.[3] Laches consists of two elements: (1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay. *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 138 (3d Cir. 2005). The decision of whether laches applies to bar a plaintiff's suit falls within the district court's discretion. *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 134 (3d Cir. 2000) (citing *Gruca v. U.S. Steel Corp.*, 495 F.2d 1252, 1258 (3d Cir. 1974)). If a plaintiff files suit after the statute of limitations has expired, a defendant "enjoys the benefit of a presumption of inexcusable delay and prejudice." *EEOC v. The Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984). If that presumption arises as a result of the expiration of the statute of limitations, "a plaintiff must prove that laches does not exist by showing that its delay was excusable and that its delay did not prejudice the defendant." *Santana Products*, 401 F.3d at 139 (collecting cases holding that plaintiff must establish both).

Plaintiff attempted to file suit within only a few months of the incident. Because he filed his complaint well within the two-year statute of limitations for actions brought under § 1983, defendants are not entitled to a presumption that the requirements of laches have been met. As a result, defendants still bear the burden of proving laches as an affirmative defense and must show that the elements, both inexcusable delay and resulting

---

[3]The individual defendants, who were added as part of the amended complaint filed by plaintiff's counsel on April 2, 2008, have apparently not been served and no attorney has entered an appearance on their behalf.

prejudice, are met. *Cook v. Wilker*, 320 F.3d 431, 438 (3d Cir. 2003).

The first element, whether a delay is "inexcusable," is a matter of law. *EEOC*, 735 F.2d at 81 (citing *Churma v. United States Steel Corp.*, 514 F.2d 589, 593 (3d Cir. 1975)). The court analyzes whether any delay was indeed inexcusable in light of the equities of the case. *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946, 949 (3d Cir. 1971).

One of the facts to be considered when evaluating the delays in this case is that plaintiff was proceeding *pro se* until late 2007. From the time he filed this suit, plaintiff continually indicated that he wanted to proceed with the litigation, and he attempted to comply with the rules and with Judge Angell's orders to properly plead his complaint.[4] However, he was acting without the benefit of legal expertise regarding how to do so, and it is not "inexcusable" that he would have some difficulty properly pleading his claims.

Moreover, many of the delays in this case were engendered by the court and not by any action or inaction on the part of plaintiff. For example, in June 2003, Judge Angell dismissed plaintiff's complaint without prejudice and set out guidelines for plaintiff to follow in filing an amended complaint. Plaintiff filed an amended complaint in

---

[4]For example, in letters sent in November 2002, plaintiff recounted the events of August 6, 2000, as well as what he perceived to be continuing abusive conduct from guards, and clearly indicated his intent to continue with the litigation and his view that "something needs to be done" about the guards' conduct. *See* Docket Entry No. 11; *see also* Docket Entry No. 10 (letter misfiled on January 18, 2002 but actually filed November 18, 2002, expressing intent to continue); Docket Entry No. 12 (order from Judge Angell characterizing the preceding communications from plaintiff regarding his intent to proceed with the case).

September 2003. However, the amended complaint was not reviewed until July 2005, at which time Judge Angell determined that the amended complaint did not comply with her 2003 order. Moreover, I did not review Judge Angell's July 2005 report and recommendation concerning plaintiff's September 2003 amended complaint until June 2006. It cannot be seriously contended that any fault for this series of lengthy delays can be attributed to dilatory conduct on the part of plaintiff; the fault lies here.

Defendants also argue that no service of process was effected until 2008, over seven years after the original complaint was filed. However, again, this delay is not attributable to plaintiff, who was incarcerated at the time of the initial filing and has been proceeding as a prisoner *in forma pauperis*. Under Federal Rule of Civil Procedure 4(c)(2), when a plaintiff is proceeding *in forma pauperis*, the court must direct the United States marshal to effect service. In this case, the marshal was so directed by Judge Angell's order of February 22, 2007. (Docket Entry No. 30.) Permission to proceed *in forma pauperis* had been requested by plaintiff from the outset of the proceedings. *See, e.g.*, Docket Entry No. 1, 3, 5, 6, 10, 23, 24. Indeed, in Judge Angell's June 12, 2003 order directing plaintiff to file an amended complaint and giving some guidelines as to the content that the complaint should contain, Judge Angell noted that plaintiff "has been granted *in forma pauperis* status" and "is entitled to have the United States Marshals Service issue and serve his amended complaint (after it is filed with the court) on the named defendants." Docket Entry No. 12. While plaintiff did have some trouble

complying with Judge Angell's direction to "provide sufficient information as to each defendant's address, so the amended complaint may be properly served," *see id.*, he was given additional chances to comply with this direction and did eventually provide an address for defendant Wackenhut Corrections Corporation.[5] This delay in service, as with the other delays in the proceedings, was lengthy, but again, not inexcusable, given plaintiff's status and given the delays occasioned by both the court and the Marshals Service.

It may be that defendants have suffered prejudice–defendants assert that none of the three individual defendants named in plaintiff's most recent amended complaint are still employed at the prison and that defendants have not been able to locate any records regarding the alleged incident, as they were not kept beyond the "typical document retention period." To establish prejudice, a party "must demonstrate that the delay caused a disadvantage in asserting and establishing a claimed right or defense; the mere loss of what one would have otherwise kept does not establish prejudice." *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 208 (3d Cir. 1999). However, the court does reach a

---

[5]When service on Wackenhut Correction Corporation was eventually attempted by the Marshals Service, the process server was informed that the company no longer existed and was now known as GEO Group, Inc. Plaintiff, who apparently was unaware of this change in corporate identity, seeks in his opposition to defendant's motion to dismiss to amend his complaint to add GEO Group, Inc. as a defendant. The court construes this request as a motion to amend. As GEO Group has appeared and noted that it was incorrectly designated as Wackenhut Corrections Corporation, the court sees no reason not to grant the motion. Wackenhut Corrections Corporation will be replaced with the GEO Group, Inc. as a defendant.

conclusion as to whether defendants have shown prejudice, because a defendant must show *both* inexcusable delay and resulting prejudice in order for laches to apply to bar a plaintiff's complaint. *See Churma*, 514 F.2d at 593 (holding that when suit is filed "[p]rior to the running of the statute, the defendant has to prove laches"). Given the procedural history of this matter as recited above, and the fact that plaintiff was proceeding *pro se* until the appointment of counsel in November 2007, the court finds that it cannot hold as a matter of law that the delays in this case, though lengthy, were "inexcusable." As a result, defendants have not shown that the doctrine of laches applies, and defendants' motion to dismiss plaintiff's amended complaint on this ground is denied.

### B.   The Delaware County Prison

Defendants raise two issues with the portion of plaintiff's complaint against the Delaware County Prison. First, defendants claim that the Delaware County Prison is not a legal entity amenable to suit, but rather a group of buildings managed by the Delaware County Board of Prison Inspectors, which contracts with the GEO Group, Inc. to manage the prison. Defendants seek dismissal of this particular defendant. Defendants also argue that, in the event the court does permit the action to proceed against the Delaware County Prison, punitive damages may not be sought from this defendant because the prison is a municipal agency, and punitive damages are not permitted to be awarded against a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1989).

Plaintiff has a response to each of these issues. With regard to the identity of the proper defendant, plaintiff agrees that he "erroneously named 'Delaware County Prison' as the entity in control of the correctional facility where he was beaten." Pl.'s Opp'n at 4. He, as noted above, seeks in his opposition to defendant's motion to dismiss to amend his complaint to add the GEO Group, Inc. as a defendant. The court has already concluded that this amendment is permissible, and because plaintiff agrees that the "Delaware County Prison" is not a proper defendant, defendants' motion to dismiss the complaint against "Delaware County Prison" is granted.

With regard to whether punitive damages may be sought, plaintiff claims that he may seek such damages from defendant GEO Group, Inc. because it is a private corporation which contracts with the Delaware County Board of Prison Inspectors to manage the prison. Defendants, in their reply brief, did not respond to plaintiff's concession that the Delaware County Prison was not a proper defendant and his request to name the GEO Group, Inc. Because the Delaware County Prison has been dismissed, defendants' request to dismiss the request for punitive damages against that entity is moot, and the court does not consider at this time whether punitive damages may be sought from the GEO Group, Inc or any other defendant.

3. **Conclusion**

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint under the doctrine of laches is denied. The Delaware County Prison is dismissed as a

defendant, and plaintiff's request to add the GEO Group, Inc. as a defendant is granted. Defendants' motion to dismiss the claim for punitive damages from the Delaware County Prison is moot. An accompanying order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL THOMAS STEWART,<br>            Plaintiff,<br>v.<br><br>WACKENHUT CORRECTIONS CORP., DON WILIFORD, DARRELL WASHINGTON, OFFICER JOHNSON, and DELAWARE COUNTY PRISON,<br>            Defendants. | Civ. No. 01-731<br><br>FILED<br>MAR 2 6 2009<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

ORDER

March 26, 2009

For the reasons set forth in the accompanying memorandum, it is ORDERED that:

(1) Defendant's motion to dismiss the plaintiff's complaint of is DENIED;

(2) Plaintiff's motion to amend his complaint to add GEO Group, Inc. as a defendant is GRANTED;

(3) Defendant Delaware County Prison is DISMISSED;

(4) Defendant's motion to dismiss the claim for punitive damages from the Delaware County Prison is DENIED AS MOOT.

BY THE COURT:

/s/ Pollak, J.

-13-